IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TUB WORKS LLC<br>    *Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A TO THE<br>COMPLAINT,<br><br>    *Defendants.* | CIVIL ACTION NO. 25-cv-10262<br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Tub Works LLC ("Plaintiff"), by and through its counsel, asserts claims and hereby files this Complaint against the entities identified on Schedule A hereto (collectively, "Defendants") for trademark infringement under federal and state law, trademark counterfeiting, copyright infringement, injury to business reputation and/or trademarks, and unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject matter of this action under the Lanham Act and Copyright Act pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

2.    The Court has personal jurisdiction over Defendants because, on information and

1

belief, Defendants have deliberately directed activities to Illinois by selling goods through the interactive Internet stores identified in the attached Schedule A that market and offer for sale products to be shipped to the United Statement including in this State and District, and that accept payment in U.S. Dollars, and by displaying Plaintiff's trademarks and copies of copyrighted work on the Internet without permission in connection with listings for products that purport to be made or authorized by Plaintiff but are counterfeit.

3. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c). Each Defendant is subject to personal jurisdiction in the State of Illinois at the time this action commenced. Its contacts are substantial enough with the State of Illinois to subject it to personal jurisdiction. Further, each Defendant committed acts within the District that give rise to this action.

## PARTIES

**Plaintiff**

4. Plaintiff Tub Works LLC is a limited liability company organized under the laws of the State of Delaware.

5. Plaintiff sells certain products across various Internet Stores, whose appearance and associated advertising has been registered with the U.S. Copyright Office ("Copyright Works"). The Certificates of Registrations for the Copyright Works are attached hereto as Exhibit 1.

6. Plaintiff sells certain products across various Internet Stores, whose appearance and associated advertising has been registered with the U.S. Patent and Trademark Office ("Trademarked Works", and collectively with the Copyrighted Works "C&TW"). The Certificates of Plaintiff's Trademarked Works are attached hereto as Exhibit 2.

**Defendants**

7. Defendants are one or more individuals or entities who sell and offer for sale products which bear counterfeit reproductions of Plaintiff's C&TW ("Counterfeit Products").

8. Defendants are individuals and/or entities who own and/or operate one or more Internet stores that are infringing Plaintiff's intellectual property under the seller aliases identified on Schedule A and/or other seller aliases yet to be discovered by Plaintiff.

9. On information and belief, the Defendants reside in, operate in, or distribute goods from the People's Republic of China or other foreign jurisdictions that lack rigorous, consistent, or reliable trademark and copyright enforcement systems. Defendants have the capacity to be sued pursuant to Rule 17(b) of the Federal Rules of Civil Procedure.

10. Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to use genuine versions of Plaintiff's C&TW, while they actually sell inferior imitations of Plaintiff's products. Examples of Counterfeit Products compared to Plaintiff's products are attached as Exhibit 3. The Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar Counterfeit Products they offer for sale, similar Counterfeit Product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, identically or similarly priced Counterfeit Products and volume sales discounts, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction or occurrence. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their

3

counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the sole owner of all the intellectual property, including the C&TW listed in Exhibits 1 and 2.

12. For nearly four years, Plaintiff has developed a number of proprietary products and services and has continuously maintained exclusive rights over the C&TW.

13. Plaintiff has invested thousands of dollars in promoting goods and services associated with the C&TW throughout the United States.

14. Plaintiff's intellectual property is highly distinctive.

15. Plaintiff's intellectual property and the goodwill associated with them have become valuable assets of Plaintiff.

16. Plaintiff protects and enforces its intellectual property rights.

17. Upon information and belief, each Defendant has infringed upon and has used Plaintiff's intellectual property without express authorization from Plaintiff. Upon information and belief, as of the date of the filing of this complaint, each Defendant still infringes upon and uses Plaintiff's intellectual property without express authorization.

18. Upon information and belief, each Defendant has used some or all of Plaintiff's intellectual property in connection with products and services in a manner that creates a likelihood of confusion. Further, upon information and belief, each Defendant does business within states where Plaintiff also does business. Upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of Plaintiff's intellectual property will cause additional confusion in the marketplace as to the source of the goods and

services sold by Plaintiff and each Defendant. The overlap in services and customers and the confusingly similar names and marks are likely to cause confusion.

19. In addition to infringing Plaintiff's intellectual property rights, Defendant(s) have represented themselves as being the owners of some or all of Plaintiff's intellectual property.

20. On more than one occasion, Defendant(s) have made Digital Millenium Copyright Act "Takedown" requests to Amazon to have Plaintiff's products removed from Amazon's site and, thus, intentionally and maliciously affecting Plaintiff's ability to sell its products.

## CLAIM ONE

## INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

21. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 20 above.

22. As described in this Complaint, each Defendant has infringed upon Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the mark and the sale and advertisement of bath products in connection with the infringing mark.

23. Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

24. Each Defendant has adopted and used the infringing marks in connection with their products with constructive notice of the Plaintiffs registration under 15 U.S.C. § 1072.

25. By engaging in the complained-of conduct, each Defendant used in

commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark to its website and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. § 1114.

26. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

CLAIM TWO

INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS
AND TRADE NAME

27. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 26 above.

28. As described in this Complaint, each Defendant has infringed upon Plaintiffs common law rights to its trademark and trade name. Plaintiff is the senior user of the C&TW. A likelihood of confusion exists between Plaintiff s mark and each Defendant's mark.

29. Each Defendant's infringement of Plaintiffs common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

30. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

//

//

//

## CLAIM THREE

## TRADEMARK COUNTERFEITING

31. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 30 above.

32. Plaintiff owns all right, title, and interest in and to the Trademarked Works.

33. Plaintiff has not authorized Defendants to use the Trademarked Works or other designations that are identical to, counterfeit of, or colorable imitations of the Trademarked Works.

34. Defendants' products employ marks and designs that are identical to, counterfeit of, or colorable imitations of the Trademarked Works.

35. Defendants have willfully used in commerce, without Plaintiffs' permission, marks, logos, and other designations that are identical to, counterfeit of, or colorable imitations of the Trademarked Works.

36. Defendants' unauthorized uses of the Trademarked Works in connection with Defendants' goods constitutes unauthorized use of Plaintiff's registered marks in commerce.

37. Defendants' unauthorized uses of the registered Trademarked Works is likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendants' goods and/or to cause consumers to mistakenly believe that Defendants and/or Defendants' goods are affiliated, associated, or connected with, or are approved or sponsored by, Plaintiff and/or Plaintiff's goods and services.

38. Defendants' acts constitute trademark counterfeiting of the Trademarked Works under 15 U.S.C. §§ 1114(1)(a), (b).

39. Upon information and belief, Defendants' acts are willful and in bad faith. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Trademarked Works and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Trademarked Marks.

40. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, and is further entitled to recover from Defendants its actual, compensatory, and exemplary damages, statutory damages per use of counterfeit mark per type of goods or services at-issue pursuant to 15 U.S.C. § 1117(c), disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## CLAIM FOUR
## COPYRIGHT INFRINGMENT

41. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 40 above.

42. Plaintiff's marketing images are original, independently created, and creative works and are copyrightable under United States law.

43. Plaintiff is the sole owner of the Copyrighted works and has applied and paid the fee for registration of its copyrights with the United States Copyright Office.

44. Plaintiff's goods were widely marketed prior to Defendant's creation of its infringing marketing such that Defendant had access to Plaintiff's goods' sales pages.

45. Defendant's marketing images and copy contain specific similarities to the elements of Plaintiff's images and appear to be exact duplications.

46. Because of Defendant's access to Plaintiff's marketing and because of the substantial similarity, Defendant must have and did copy the Plaintiff's images and copy and, therefore, has infringed and continues to infringe Plaintiff's copyright.

47. Defendant was, or should have been, aware of Plaintiff's Copyrighted Works. Defendant's acts aforesaid, including its unauthorized copying of Plaintiff's images and copy, constitutes willful infringement of Plaintiff's copyrights.

48. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

49. Defendant's acts are the proximate cause of such injury and damage.

50. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts.

//

//

//

## CLAIM FIVE

FALSE DESIGNATION OF ORIGIN, PASSING OFF & UNFAIR COMPETITION

51. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 50 above.

52. Plaintiff is the owner of all right, title, and interest in and to the Trademarked Works.

53. Defendants have used and are using in commerce, without Plaintiff's permission, marks, logos, and other designations that are identical to or substantially similar to the Trademarked Works on and in connection with the Counterfeit Products.

54. Defendants' promotion, marketing, offering for sale, and sale of products and merchandise bearing marks, logos, and other designations that are identical to or substantially similar to the Trademarked Works have created and continues to create a likelihood of confusion, mistake, and deception among the public as to the origin, affiliation, sponsorship, connection, and/or association of Defendants' Counterfeit Products.

55. By using the Trademarked Works in connection with the sale of unauthorized products, Defendants have engaged in unfair competition and have create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

56. Defendants' unfair competition and false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

57. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to

deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, in Plaintiff's products and the Trademarked Works.

58. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Trademarked Works and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective directors, officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Trademarked Works.

59. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, and is further entitled to and is further entitled to recover from Defendants its actual, compensatory, and exemplary damages, disgorgement of profits, treble damages, increased profits, attorneys' fees and costs, and pre-judgment and post-judgment interest.

CLAIM SIX

VIOLATION OF ILLINOIS STATE UNIFORM DECEPTIVE TRADE PRACTICES ACT

(815 ILCS § 510)

60. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 59 above.

61. Defendants have promoted, marketed, offered for sale, and sold products and merchandise bearing marks, logos, and other designations that are identical to or substantially

similar to the Trademarked Works, and as such have passed off their products and merchandise as those of Plaintiff's, when they are not. Defendants' foregoing conduct has caused a likelihood of confusion, mistake, or deception as to the source, sponsorship, affiliation, connection, and/or association of their products and merchandise with the genuine products of Plaintiff.

62. Defendants' forgoing conduct constitutes a willful violation of the Illinois State Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

63. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Trademarked Works and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective directors, officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Trademarked Works.

64. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief. Further, Defendants have wrongly obtained profits from their infringing conduct to which Plaintiff is entitled to recover, along with other damages, costs, fees, and interest.

## INJUNCTIVE RELIEF

65. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by each Defendant because Plaintiff s business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury

unless the acts and conduct of each Defendant complained of above are enjoined because each Defendant's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## JURY DEMAND

66. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendants on all claims;

2. award damages against Defendants and in favor of Plaintiff;

3. enter a permanent injunction restraining each Defendant, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademarks and domain names in connection with its business;

4. award costs and attorney fees under 17 U.S. Code § 512(f); and

5. grant to Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ John Gibson
John Gibson
Attorney at Law
State Bar No. 246469
(949) 579-2810
Law Offices of John Gibson PC
100 S. State Street
Chicago, IL 60603

ATTORNEY FOR PLAINTIFF
TUB WORKS LLC